IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| C. HOKULE'A COOKE, | ) | CIV. NO. 05-00547 HG-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT OF SPECIAL MASTER |
| vs. | ) | RE DOROTHY M. D'AMORE, |
| | ) | PERSONAL REPRESENTATIVE |
| DOROTHY M. D'AMORE, | ) | OF THE ESTATE OF JOSEPH |
| individually and as Administrator of | ) | D'AMORE'S MOTION FOR |
| the Estate of Joseph D'Amore; | ) | SUPPLEMENTAL ATTORNEYS' |
| ESTATE OF JOSEPH D'AMORE, | ) | FEES AND COSTS |
| DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

REPORT OF SPECIAL MASTER RE DOROTHY M. D'AMORE, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH D'AMORE'S MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES AND COSTS

Before the Court is Defendant Dorothy M. D'Amore, Personal Representative of the Estate of Joseph D'Amore's ("D'Amore") Motion for Supplemental Attorneys' Fees and Costs ("Motion").  Plaintiff C. Hokule'a Cooke ("Cooke") did not file an opposition to the Motion.  Pursuant to LR 7.2(d), the Court Finds this matter suitable for disposition without a hearing.  After review of the Motion and supporting memoranda, the Court FINDS that D'Amore is entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c) and not however, entitled to the costs requested.  Accordingly, the Court RECOMMENDS that

D'Amore's Motion be GRANTED IN PART and DENIED IN PART and that D'Amore be awarded attorneys' fees of $1,482.00.

## BACKGROUND

This case involves certain dealings between Joseph D'Amore ("Decedant") and Plaintiff Cooke. On December 17, 2004, Cooke recorded a notice of lien in the Bureau of Conveyances, State of Hawaii. On May 6, 2005, D'Amore filed a Petition to Expunge Invalid Notice of Lien in the Circuit Court of the Third Circuit, State of Hawaii.

On August 23, 2005, Cooke filed a Notice of Removal in this Court and on August 29, 2005, D'Amore filed a Motion for Remand. On October 14, 2005, the Court issued a Findings and Recommendation to grant D'Amore's Motion for Remand and to award attorneys' fees. On January 10, 2005, the Honorable Helen Gillmor adopted the Court's Findings and Recommendation.

On February 10, 2006, D'Amore filed the instant Motion requesting supplemental attorneys' fees in the amount of $1,661.56 and costs of $56.37.

## DISCUSSION

Pursuant to 28 U.S.C. § 1447(c), a litigant may obtain attorneys' fees and costs when the case has been improperly removed. This statute states that "[a]n order remanding the case may require payment of just costs and any actual

2

expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c) (West Supp. 2005).  The Court has the discretion to award costs and fees and may take into account the particular circumstances of the case and the legal issues involved.  Zandi-Dulabi v. Pacific Retirement Plans, Inc., 828 F. Supp. 760, 764 (N.D. Cal. 1993).

The Court FINDS and RECOMMENDS that pursuant to 28 U.S.C. § 1447(c), D'Amore is entitled to attorneys' fees.  Because D'Amore's description of entry number 18258 is insufficient however, the Court will subtract .4 hours from the eight hours requested by D'Amore.  Accordingly, the Court FINDS and RECOMMENDS that D'Amore be entitled to attorneys' fees in the amount of $1,482.00 for 7.6 hours of work at a rate of $195.00 per hour.

Additionally, D'Amore requests $10.37 in costs for postage.  Postage is not a cost listed in 28 U.S.C.A. § 1920 (West Supp. 2005) and is not taxable as a cost.  Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw.,1999) (citing Embotelladora Agral Regiomontana v. Sharp Capital, Inc., 952 F. Supp. 415, 418 (N.D. Tex. 1997) ("Postage is not included in section 1920 and is not recoverable as a cost").  Therefore, the Court FINDS and RECOMMENDS that D'Amore's request for postage costs be Denied.

Finally, D'Amore requests $46.00 in copying costs.  Although Section 1920(4) permits taxation for the copies of papers "necessarily obtained for use in the case", D'Amore failed to describe "the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied."  L.R. 54.2(f)(4).  Accordingly, the Court FINDS and RECOMMENDS that D'Amore's request for copying costs be Denied.

## CONCLUSION

For the foregoing reasons, the Court hereby FINDS and RECOMMENDS that Plaintiff's Motion for Supplemental Attorneys' Fees and Costs be GRANTED IN PART and DENIED IN PART.  D'Amore is entitled to attorneys' fees in the amount of $1,482.00 (7.6 hours X $195.00/hour) but not entitled to any of the costs requested.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated:  March 3, 2006

C. Hokule'a Cooke v. Dorothy M. D'Amore; CIVIL NO. 05-00547 HG-BMK; REPORT OF SPECIAL MASTER RE DOROTHY M. D'AMORE, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH D'AMORE'S MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES AND COSTS